(Not for publication) (Docket Entry No. 4)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____  :
                                     :
SHEET METAL WORKERS                  :
INTERNATIONAL ASSOCIATION            :
LOCAL 27 ANNUITY, HEALTH &           :
WELFARE, VACATION, EDUCATION         :
AND UNEMPLOYMENT FUNDS, et al.,      :
                                     :
            Plaintiffs,              :    Civil No.  08-3979 (RBK/KMW)
                                     :
      v.                             :    **OPINION**
                                     :
K & S SHEET METAL, LLC, et al.       :
                                     :
            Defendants.              :
_____  :

Presently before the Court is an unopposed motion by Plaintiffs Sheet Metal Workers International Association Local 27 Annuity, Health & Welfare, Vacation Education and Unemployment Funds ("the Plaintiff Funds") and Joseph Sykes, Jr., Duane Danish, Gary Freedman, and Jerry Hogan, Sr.,Trustees and Fiduciaries for the Plaintiff Funds, seeking entry of default judgment against Defendants K & S Sheet Metal, LLC; Debra L. Keller-Harrow; Savvy Sheet Metal, Inc.; and Dolores L. Keller.  For the reasons set forth below, Plaintiffs' motion will be granted.

**I. BACKGROUND**[1]

The Plaintiff Funds are trust funds established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1), (2), and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1), (2) and (3), for the purpose of providing insurance benefits to eligible participants. Plaintiffs Joseph Sykes, Jr., Duane Danish, Gary Freedman and Jerry Hogan, Sr. are fiduciaries for the Plaintiff Funds within the meaning of 29 U.S.C. § 1002(21)(A).

Pursuant to a Collective Bargaining Agreement with Sheet Metal Workers International Association, AFL-CIO Local 27 (the "Union"), Defendants K & S Sheet Metal, LLC and/or Savvy Sheet Metal Inc. ("the Defendant employers") are required to make contributions to the Plaintiff Funds on behalf of eligible members whom they employ. The Defendant employers failed to make the contributions required by the Collective Bargaining Agreement. The Plaintiff Funds made numerous demands for payment of the delinquencies, but the Defendant Employers have refused to submit the required payments.

On August 8, 2008, Plaintiffs filed the Complaint in this case, alleging that all Defendants violated ERISA, and that Keller-Harrow and Keller breached their fiduciary duties to the Plaintiff Funds. Service of the Summons and Complaint was made on Defendants on August 27, 2008. Defendants have failed to respond to the Complaint. On October 7, 2008, the Clerk of the Court filed an Entry of Default against Defendants at Plaintiffs' request. Plaintiffs subsequently filed

---

[1] Because Defendants have not responded in any way to this case, all factual information comes from Plaintiffs' Complaint and Motion for Default Judgment.

this motion for default judgment, requesting a total of $125,798.37, with interest thereon. Defendants have not responded to this motion.

## II. DEFAULT JUDGMENT

### A. Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . ., the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). While the entry of a default judgment is largely a matter of judicial discretion, the Third Circuit Court of Appeals has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984) (citations omitted).

The Court should accept as true all well-pleaded factual allegations in the Complaint, except for allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998). Further, the Court need not accept a plaintiff's legal conclusions. 10A Wright, Miller & Kane, supra, § 2688. Therefore, the Court must determine if Plaintiffs have stated a legitimate cause of action. Id. ("Even after default, . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action . . . .").

Further, in considering a motion for default judgment the Court must consider the following three factors: "whether (1) plaintiff will be prejudiced if default is not granted, (2)

defendant has a meritorious defense, and (3) defendant's delay was the result of culpable misconduct." Carpenters Health and Welfare Fund v. Naglak Design, No. 94-2829, 1995 WL 20848, at *2 (E.D. Pa. Jan. 18, 1995) (citing Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987); Hritz, 732 F.2d at 1181).

>   B.  Discussion

In the Complaint, Plaintiffs assert claims under ERISA and claims alleging breach of fiduciary duty. The Court finds that Plaintiffs state legitimate claims under ERISA, so the court need not evaluate the breach of fiduciary duty claims.

Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of . . . such agreement." 29 U.S.C. § 1145 (2006). If an employer fails to make contributions as required by the collective bargaining agreement, the Court may award the plan the following types of damages:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of
> 20 percent (or such higher percentage as may be permitted under Federal or State
> law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant,
> and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Plaintiffs aver that the Defendant Employers have failed to make contributions to the

Plaintiff Funds as required under the Collective Bargaining Agreement. (Complaint at ¶ 10-11.) This failure constitutes a violation of 29 U.S.C. § 1145. Plaintiffs further aver that defendants Debra L. Keller-Harrow and Dolores Keller used the Defendant Employers as alter egos which did not abide by corporate formalities and misused the Defendant Employers to advance their own interests. (Complaint at ¶¶ 19-21, 40-42.) Based on these allegations, the Court will pierce the corporate veil and hold Keller-Harrow and Keller liable for the failure to make contributions. See Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare, Vacation, and Apprentice Funds v. Integrity Construction, No. 06-2645, 2007 WL 777592, at *2 (D.N.J. Mar. 9, 2007) (piercing corporate veil based on similar allegations).

Furthermore, because Defendants have "not filed any responsive pleadings nor shown cause why judgment by default should not be entered in Plaintiff's favor," the court is "not in a position . . . to determine whether [Defendants have] a meritorious defense or whether any delay is the result of culpable misconduct." Carpenters Health and Welfare Fund, 1995 WL 20848, at *2. Finally, "[b]ecause delinquent contributions can negatively impact the Plaintiffs' ability to pay their beneficiaries-Plaintiffs would be prejudiced if default judgment was not entered in their favor." Int'l Union of Painters, 2007 WL 777592, at *3. Therefore, entry of default judgment is appropriate.

### III. DAMAGES

Plaintiffs seek a total award of $125,798.37, with interest thereon as provided by law. Thus sum includes $104,000.92 in unpaid contributions, interest of $284.93 on the unpaid

contributions, liquidated damages of $2,080.02, and attorney's fees and costs of $19,432.50.[2] These types of damages are appropriate in an action for violation of 29 U.S.C. § 1145. See 29 U.S.C. § 1132(g)(2). Plaintiffs have submitted documentation to support each of their requests, with the exception of the request for an award of attorney's fees and costs. Therefore, at this time the Court will enter judgment in the amount of $106,365.87. Pursuant to Local Civil Rule 54.2, Plaintiffs may submit, within thirty days of the date of this Opinion and Order, an application for attorney's fees and costs describing how these amounts were calculated.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment is granted. Judgment is entered in the amount of $106,365.87, with interest thereon as provided by law. Plaintiffs shall have thirty days from the date of this Opinion and Order to submit an affidavit in support of their request for attorney's fees and costs. An accompanying order shall issue today.


Dated:  6-1-09                             /s/ Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge

---

[2] In Plaintiffs' affidavit in support of their motion for default judgment, Plaintiffs' attorney requests "reasonable attorney's fees and costs," but does not specify the amount. The Court arrives at the amount of $19,432.50 by subtracting the items identified in Plaintiffs' affidavit from the total amount they have included in their proposed order.